**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 24 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| IRINA VALERYEVNA MELNIKOVA; VYACHESLAV VISSARIONOVICH TIGAY, <br><br> Petitioners, <br><br> v. <br><br> ERIC H. HOLDER Jr., Attorney General, <br><br> Respondent. | No. 05-76741 <br><br> Agency Nos. A096-356-452 <br> A096-356-453 <br><br> MEMORANDUM [*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted March 3, 2010
Pasadena, California

Before: SCHROEDER, RYMER and WARDLAW, Circuit Judges.

   Irina Melnikova, a native and citizen of Uzbekistan, petitions for review of a
final order of the Board of Immigration Appeals (BIA), affirming the immigration
judge's (IJ) denial of her application for asylum, withholding of removal, and
protection under the Convention Against Torture (CAT).  Melnikova's husband,

_____

   [*]   This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Vyacheslav Tigay, is a derivative applicant whose petition depends on the merits of Melnikova's petition. We have jurisdiction pursuant to 8 U.S.C. § 1252(a)(1) and deny the petition for review.

"[W]here the IJ has reason to question the applicant's credibility, and the applicant fails to produce non-duplicative, material, easily available corroborating evidence and provides no credible explanation for such failure, an adverse credibility finding will withstand appellate review." *Sidhu v. INS*, 220 F.3d 1085, 1092 (9th Cir. 2000).

The IJ had reason to question Melnikova's credibility. Melnikova's asylum application indicated that she left Uzbekistan due to threats that she would be prosecuted unless she paid a fine. Similarly, a psychologist testified that Melnikova feared returning to Uzbekistan because she fled the country before paying a fine the Uzbek police claimed she owed. Tigay also testified that Melnikova was wanted for questioning in Uzbekistan relating to the fine. However, Melnikova's testimony did not attribute her failure to pay the fine as a reason why she left Uzbekistan or why she feared returning there; Melnikova did not mention the fine at all. Additionally, Melnikova testified that her parents could not attend their church in Uzbekistan, whereas Tigay testified that his parents encountered no problems attending the same church.

Moreover, Melnikova "fail[ed] to produce non-duplicative, material, easily available corroborating evidence and provide[d] no credible explanation for such failure." *Sidhu*, 220 F.3d at 1092. Melnikova traveled to the United States in 2002 and met with an attorney who told her the asylum process would require many documents. Melnikova then returned to Uzbekistan for seven months, during which time she was allegedly persecuted by the authorities. But Melnikova failed to obtain medical documents relating to the attacks she claimed to have suffered, or evidence corroborating her church membership or that she was arrested or harmed on account of such membership.

Because substantial evidence supports the IJ's adverse credibility finding, there is substantial evidence for denying Melnikova's application for asylum and withholding of removal. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003). Melnikova's CAT claim also fails because it is based on the same testimony that the IJ found not credible. *See id.* at 1157.

PETITION DENIED.